# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **BRANDON M. TWAREK,** | ) | **CASE NO. 3: 20 CV 1767** |
| | ) | |
| Petitioner, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | |
| | ) | |
| **WARDEN GEORGE FREDERICK,** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

*Pro se* Petitioner, an Ohio prisoner, has filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging his 2015 conviction on aggravated murder in the Erie County Court of Common Pleas. (Doc. No. 1.)

Pursuant to Rule 4 of the Rules Governing *Habeas Corpus* Cases under § 2254, a federal district court is required to examine a *habeas corpus* petition and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If so, the district court must summarily dismiss the petition. *See* Rule 4; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).

The Court finds that the Petition must be dismissed. An application for a writ of *habeas corpus* under § 2254 may not be granted unless it appears that the petitioner has exhausted all "remedies available in the courts of the State." 28 U.S.C. § 2254(b); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (*per curiam*).

The Petition on its face indicates that Petitioner has not raised any of the grounds he

seeks to assert in the state appellate courts.  In that the Petition on its face indicates he has not exhausted his claims, his Petition is premature.  The Petition is therefore dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases without prejudice to re-filing after the claims asserted have been fully exhausted.  Petitioner's motion to proceed *in forma pauperis* (Doc. No. 3) is denied as moot.

The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability.

IT IS SO ORDERED.

  s/*Dan Aaron Polster*    Aug. 18, 2020
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE